UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 15-1871 JVS (PLAx) | Date | May 6, 2016 |
| Title | Maudie Patton, et al V. Experian Data Corp., et al | | |

Present: The Honorable    James V. Selna

| Dwayne Roberts | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**   **(IN CHAMBERS)**   **Order GRANTING Rule 12(b)(1) Motions to Dismiss [24] [26], DENYING Rule 12(b)(6) Motions to Dismiss [24] [26], and DENYING Motion to Remand [35]**

Before the Court are three motions:

First, Defendant Experian Data Corp. ("Experian") filed a motion to dismiss Plaintiffs Maudie Patton, Jacqueline Goodridge, and Virginia Kaldmo's (collectively, "Plaintiffs") putative class action complaint for lack of subject of subject-matter jurisdiction under Rule 12(b)(1) or, in the alternative, for failure to state a claim under Rule 12(b)(6). Docket No. 24.[1] Plaintiffs filed an opposition. Docket No. 33. Experian

---

[1] In support of its motion to dismiss, Experian requests judicial notice of five documents: (1) transcript of trial testimony from Hieu Ming Ngo from United States v. Ealy, Case No. 3:13-cv-175 (S.D. Ohio) ("Ealy"); (2) indictment of Hieu Minh Ngo from United States v. Ngo, Case No. 13-19 (KM) (D.N.J. 2010); (3) transcript of trial testimony from Matthew O'Neill from Ealy; (4) cross-complaint in Court Ventures, Inc. v. Experian Data Corp., Case No. 30-2013-00682410-CU-BC-CJC (Orange Cnty. Sup. Ct. Feb. 28, 2014); and (5) a March 1, 2012 asset purchase agreement between Experian Data and Court Ventures, Inc. Docket No. 25. Courts may take judicial notice of federal court records like documents (1)-(4). Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001). The Court therefore **grants** the requests for judicial notice as to documents (1)-(4). With respect to document (5), the court may consider extrinsic evidence on a motion to dismiss only if (1) the authenticity of the document is not contested and (2) the complaint necessarily relies on the document. Id. (quoting Parrino v. FHP, Inc., 146 F.3d 699, 705-06 (9th Cir. 1998)). Plaintiffs' complaint necessarily relies on the purchase agreement between Experian Data and Court Ventures, Inc., and nobody contests the authenticity of the document. Docket No. 1-2 ¶¶ 15, 18, 39. The Court therefore **grants** the request for judicial notice as to document (5). The Court takes judicial notice of these documents only for the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

**CIVIL MINUTES - GENERAL**

Case No.   SACV 15-1871 JVS (PLAx)                                    Date   May 6, 2016

Title     <u>Maudie Patton, et al V. Experian Data Corp., et al</u>

filed a reply. Docket No. 44.

    Second, Defendant Infosearch.com LLC ("Infosearch") filed a motion to dismiss Plaintiffs' putative class action complaint for lack of subject of subject-matter jurisdiction under Rule 12(b)(1), or, in the alternative, for failure to state a claim under Rule 12(b)(6). Docket No. 26. Plaintiffs filed an opposition. Docket No. 34. Infosearch filed a reply. Docket No. 42.

    Third, Plaintiffs filed a motion to remand the case to Orange County Superior Court. Docket No. 35. Experian filed an opposition. Docket No. 40. Infosearch joined in Experian's opposition. Docket No. 41. Plaintiffs filed a reply. Docket No. 43.

    After hearing on the three motions, Experian, Infosearch, and Plaintiffs each submitted supplemental briefing. Docket Nos. 47-49.

    For the following reasons, the Court **orders** the following:

(1)    The Court **grants** Experian and Infosearch's Rule 12(b)(1) motions to dismiss for lack of subject-matter jurisdiction;

(2)    The Court **denies as moot** Experian and Infosearch's Rule 12(b)(6) motions to dismiss for failure to state a claim; and

(3)    The Court **denies as moot** Plaintiffs' motion to remand.

    The Court **remands** the action to Orange County Superior Court under 28 U.S.C. § 1447(c).

# 1.  Background

    Defendants Experian and Infosearch are information services companies that collect and store personal information about United States citizens and residents. Docket No. 1-2 ¶¶ 15-17, 19. This personal information includes criminal and civil judgment

---

existence of these documents, and not for the truth of any matters asserted therein.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 15-1871 JVS (PLAx) | Date | May 6, 2016 |
| Title | Maudie Patton, et al V. Experian Data Corp., et al | | |

histories, bankruptcy histories, tax lien histories, professional business licenses, Social Security numbers, addresses, dates of births, personal vital statistics, and bank information. Id. ¶ 25.

Plaintiffs' putative class action complaint alleges that Hieu Minh Ngo ("Ngo"), a convicted identity thief currently incarcerated in federal prison, fraudulently accessed personal information stored on Experian and Infosearch databases over an eighteen-month period ending in February 2013 by posing as a private investigator conducting background checks on job applicants for a large corporation. Docket No. 1-2 ¶¶ 1-2, 22. Plaintiffs further allege that Ngo sold this information to approximately 1300 identity thieves worldwide for use in identity theft and identity fraud schemes. Id. ¶¶ 1-2.

In September 2015, Plaintiffs filed a putative class action complaint in Orange County Superior Court against Defendants Experian, Infosearch, and Court Ventures, Inc.[2] for their role in the alleged data breach. Plaintiffs propose two classes: (1) a Nationwide Class consisting of all people whose personal information was stored in Experian and Infosearch databases at the time of the alleged breach and (2) a State Data Breach Notification Statute Sub-Class consisting of citizens of twenty-six states whose personal information was stored in Experian and Infosearch databases at the time of the alleged breach. Id. ¶¶ 60-61.[3] Both classes bring claims for declaratory and injunctive relief requiring, among other things, that Experian and Infosearch notify class members whether their personal information was accessed by Ngo or his fraudster customers. Id. ¶¶ 70-75, 83-85. The State Data Breach Notification Statute Sub-Class brings additional claims for violation of twenty-six different state data breach notification statutes. Id. ¶¶ 76-82.

In November 2015, Experian removed the action to this court under the federal

---

[2] The claims against Court Ventures, Inc. are not subject to these motions to dismiss.

[3] In July 2015, Plaintiffs brought a similar class action complaint against Experian alleging claims under the federal Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, and for declaratory and injunctive relief. See Patton v. Experian Data Corp., Case No. 8:15-cv-01142-JVS-PLA (C.D. Cal. July 7, 2015) ("Patton I") Docket No. 1. Plaintiffs voluntarily dismissed this case in October 2015. Patton I Docket No. 29.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

**CIVIL MINUTES - GENERAL**

Case No.  SACV 15-1871 JVS (PLAx)             Date   May 6, 2016

Title    **Maudie Patton, et al V. Experian Data Corp., et al**

Class Action Fairness Act, 28 U.S.C. § 1711 et seq. ("CAFA").[4] Docket No. 1. Experian and Infosearch now seek to dismiss the action in its entirety for lack of subject-matter jurisdiction under Rule 12(b)(1) or, in the alternative, for failure to state a claim under Rule 12(b)(6). Docket Nos. 24, 26. Plaintiffs have moved to remand the action to Orange County Superior Court in the event that the Court dismisses the case for lack of subject-matter jurisdiction. Docket No. 35.

**2.    Legal Standard**

    2.1.    Rule 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction

    Under Rule 12(b)(1), the defendant may move to dismiss an action for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). A "jurisdictional attack may be facial or factual." Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). When, as here, the attack is "facial" (i.e., based solely on the allegations in the complaint), the court presumes that the allegations in the complaint are true. Id. The plaintiff bears the burden of establishing subject-matter jurisdiction. Kokkonen v. Guadian Life Ins. Co. of Amer., 511 U.S. 375, 377 (1994).

    2.2.    Rule 12(b)(6) motion to dismiss for failure to state a claim

    Under Rule 12(b)(6), the defendant may move to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To overcome a motion to dismiss under Rule 12(b)(6), a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim has "facial plausibility" if the plaintiff pleads facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

---

[4] CAFA establishes federal subject-matter jurisdiction for cases filed as "class actions" under Federal Rule of Civil Procedure 23 or equivalent state law. 28 U.S.C. § 1332(d)(1)(B). In addition, even if not expressly styled as a "class action," a lawsuit filed in state court may be removed under CAFA if it qualifies as a "mass action" and otherwise meets the criteria in 28 U.S.C. § 1332(d)(2)-(10). See id. § 1332(d)(11). CAFA defines a "mass action" as a suit "in which monetary relief claims of 100 or more persons are proposed to be tried jointly on the ground that the plaintiffs' claims involve common questions of law or fact." Id. § 1332(d)(11)(B)(i).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

**CIVIL MINUTES - GENERAL**

Case No.  SACV 15-1871 JVS (PLAx)                                    Date  May 6, 2016

Title       **Maudie Patton, et al V. Experian Data Corp., et al**

In resolving a 12(b)(6) motion under Iqbal and Twombly, the Court must follow a two-pronged approach. First, the Court must accept all well-pleaded factual allegations as true. Iqbal, 556 U.S. at 678. Second, and assuming the well-pleaded factual allegations are true, the Court must "determine whether they plausibly give rise to an entitlement to relief." Id. at 679. This determination is "context-specific," requiring the Court to draw on its experience and common sense. Id. There is no plausibility, however, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." Id.

**3.     Analysis**

  3.1.    The Court lacks subject-matter jurisdiction.

Courts have subject-matter jurisdiction over an action only if the plaintiff first establishes Article III standing. Cetacean Cmty v. Bush, 386 F.3d 1169, 1175 (9th Cir. 2004).[5] Experian and Infosearch argue that the Court must dismiss the action for lack of subject-matter jurisdiction because Plaintiffs lack Article III standing. Docket No. 24-1 at 18-27; Docket No. 26 at 10-13.  The Court agrees.

To establish Article III standing, the plaintiff must establish that (1) the plaintiff suffered an injury-in-fact; (2) the defendant's conduct caused the plaintiff's injury; and (3) the plaintiff's requested relief will likely redress the injury. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992). For purposes of Article III standing, an injury-in-fact is an "invasion of a legally protected interest" that is both (a) "concrete and particularized" and (b) "actual or imminent, not conjectural or hypothetical." Id. Here, the Nationwide Class alleges harm "in the form of Defendants' failure and refusal to notify them about the Security Lapse[] so they can take the appropriate measures to protect themselves from the immediate and continuing increased risk of identity theft, identity

---

[5] Plaintiffs raise putative class claims on behalf of two classes. In class actions, the named plaintiffs must first personally establish Article III standing before they can assert claims on behalf of the class. Warth v. Seldin, 422 U.S. 490, 501 (1975) ("[T]he plaintiff still must allege a distinct and palpable injury to himself, even if it is an injury shared by a large class of other possible litigants."). "[I]f none of the named plaintiffs purporting to represent a class establishes [Article III standing], none may seek relief on behalf of himself or any other member of the class." O'Shea v. Littleton, 414 U.S. 488, 494 (1974).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 15-1871 JVS (PLAx) | Date | May 6, 2016 |
| Title | Maudie Patton, et al V. Experian Data Corp., et al | | |

fraud, and other injury and harm." Docket No. 1-2 ¶ 71. Similarly, the State Data Breach Notification Statute Sub-Class alleges harm in the form of "Defendants' failure and refusal to provide [her] with timely and accurate notice of the Security Lapse as required by the . . . state data breach notification statutes." Id. ¶ 80. Neither harm is an injury-in-fact.

In the Ninth Circuit, Krottner v. Starbucks Corp., 628 F.3d 1139 (9th Cir. 2010), is the controlling case regarding Article III standing in data breach cases involving the risk of future identity theft.[6] Under Krottner, the plaintiff must show that there is a "credible," "real and immediate" threat of identity theft to establish an injury-in-fact. Krottner, 628 F.3d at 1140. This requires plaintiffs to allege, at minimum, that their personal information was in fact accessed by an identity thief. See id. (finding an injury-in-fact based on "future risk of identity theft" when a stolen laptop computer contained the plaintiffs' names, addresses, and Social Security numbers); In re Zappos.com, Inc., 108 F. Supp. 3d 949, 959 (D. Nev. 2015) ("Also unlike the plaintiffs in [In re Adobe Sys., Inc. Privacy Litig., 66 F. Supp. 3d 1197 (N.D. Cal. 2014),] whose information began to surface on the Internet shortly after the breach, Plaintiffs here make no allegations that their data has appeared in any place where others might obtain and misuse it."); Ruiz v. Gap, Inc., 380 F. App'x 689, 691 (9th Cir. 2010) (unpublished) (finding an injury-in-fact based on "greater risk of identity theft" when a stolen laptop computer contained the plaintiff's social security number); Antman v. Uber Techs., Inc., 2015 WL 6123054, at *11 (N.D. Cal. Oct. 19, 2015) ("Without a hack of information such as social security numbers, account numbers, or credit card numbers, there is no obvious, credible risk of identity theft that risks real, immediate injury."); Low v. LinkedIn Corp., 2011 WL 5509848, at *6 (N.D. Cal. Nov. 11, 2011) ("The plaintiffs in Krottner . . . were concerned with the harm that arose from the actual publication or theft of their highly sensitive

---

[6] The parties dispute whether Krottner remains good law after Clapper v. Amnesty Int'l USA, 133 S.Ct. 1138 (2015). See Docket No. 33 at 14-15; Docket No. 24-1 at 19-22. Krottner remains good law. See In re Adobe Sys., Inc. Privacy Litig., 66 F. Supp. 3d 1197, 1211 (N.D. Cal. 2014) ("Given that Krottner described the imminence standard in terms similar to those used in Clapper, and in light of the fact that nothing in Clapper reveals an intent to alter established standing principles, the Court cannot conclude that Krottner has been effectively overruled."); In re Sony Gaming Networks & Customer Data Sec. Breach Litig., 996 F. Supp. 2d 942, 961 (S.D. Cal. 2014) ("[T]he Court finds both Clapper and Krottner controlling, and case law in this circuit analyzing the 'injury-in-fact' requirement following Krottner highly persuasive."); Antman v. Uber Techs., Inc., 2015 WL 6123054, at *10 (N.D. Cal. Oct. 19, 2015) ("The court finds persuasive those cases that conclude that Krottner survives Clapper.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

**CIVIL MINUTES - GENERAL**

Case No.   SACV 15-1871 JVS (PLAx)                                    Date   May 6, 2016

Title   **Maudie Patton, et al V. Experian Data Corp., et al**

personal data. [Plaintiff] has not alleged that his credit card number, address, and social security number have been stolen or published or that he is a likely target of identity theft as a result of LinkedIn's practices.").

Plaintiffs have not alleged that Ngo (or any other identity thief) accessed their personal information as a result of Ngo's alleged breach of the Experian and Infosearch databases. For example, Plaintiffs have not alleged any of the following: (1) Plaintiffs' personal information was stored on Experian or Infosearch; (2) Ngo accessed Plaintiffs' personal information that was stored on Experian or Infosearch; (3) Ngo provided Plaintiffs' personal information that was stored on Experian or Infosearch to third-party identity thieves; or (4) Ngo or third-party identity thieves unlawfully used Plaintiffs' personal information that was stored on Experian and Infosearch (e.g., for identity theft). Instead, Plaintiffs allege only that (1) Plaintiffs' personal information was "of the type" accessed by Ngo and (2) Plaintiffs' personal information was likely available on Experian and Infosearch because these companies maintain personal information for "approximately 83% of the adult US population." Id. ¶¶ 11-13. Plaintiffs' speculative fear of identity theft is not the "credible," "real and immediate" threat of harm required for Article III standing in data breach cases in the Ninth Circuit under Krottner. The Court therefore dismisses the action for lack of subject-matter jurisdiction.

    3.2.   The Court remands the case to Orange County Superior Court.

28 U.S.C. § 1447(c) provides that the court must remand an action to state court if the court loses subject-matter jurisdiction after removal. 28 U.S.C. § 1447(c). As discussed above, the Court lacks subject-matter jurisdiction over this case. The Court therefore remands the case to the Orange County Superior Court.

Experian and Infosearch oppose remand under the "futility exception" to section 1447(c). See Bell v. City of Kellogg, 922 F.2d 1418 (9th Cir. 1991). Docket No. 40 at 9-17. Under the futility exception, district courts may dismiss rather than remand an action when remand under section 1447(c) is futile. Id. at 1424-25. Experian and Infosearch argue that the Court should dismiss the case because remand is futile here: if the Court remands the case for lack of Article III standing, Experian and Infosearch will simply re-remove the case to federal court under CAFA. Id. In response, Plaintiffs dispute whether

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 15-1871 JVS (PLAx) | Date | May 6, 2016 |
| Title | Maudie Patton, et al V. Experian Data Corp., et al | | |

the Ninth Circuit continues to recognize the futility exception.[7] Docket No. 48 at 2-6.

The Court need not decide whether the Ninth Circuit continues to recognize the futility exception because, even if the futility exception exists, remand is not futile here: a

---

[7] Plaintiffs argue that subsequent U.S. Supreme Court and Ninth Circuit decisions have overruled Bell and rejected the futility exception in the Ninth Circuit. In the Ninth Circuit, three-judge panels are bound by prior three-judge panel decisions unless there is subsequent higher authority (e.g., an en banc panel or the U.S. Supreme Court) that is "clearly irreconcilable" with the prior panel decision. See United States v. Kim, 806 F.3d 1161, 1174 n.8 (9th Cir. 2015); United States v. Hardesty, 977 F.2d 1347, 1348 (9th Cir. 1992) (en banc) (per curiam). A review of the U.S. Supreme Court's and the Ninth Circuit's decisions since Bell shows the following. In January 1991, the three-judge panel in Bell held that district courts may dismiss claims when remand is futile. Bell, 922 F.2d at 1424-25. Several months later, in May 1991, the U.S. Supreme Court in International Primate suggested, but did not expressly hold, that section 1447(c) requires remand even when futile. Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund, 500 U.S. 72, 89 (1991) ("We also take note . . . of the literal words of § 1447(c), which, on their face, give . . . no discretion to dismiss rather than remand an action." (internal quotations omitted)). In April 1997, a three-judge panel in Bruns held that remand under "[s]ection 1447(c) is mandatory, not discretionary." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997). Although Bruns did not expressly address Bell, International Primate, or the futility exception, the panel cited a post-International Primate Fourth Circuit opinion holding that district courts must remand even when futile. See id. (citing Roach v. West Va. Reg'l Jail & Corr. Auth., 74 F.3d 46, 49 (4th Cir. 1996)). In May 1999, a three-judge panel stated in a memorandum disposition that "[the Ninth Circuit] recognizes the futility doctrine." State of California, ex rel. Servs. Disabled Veterans Telecommunications v. MCI Telecommunications Corp., 1999 WL 387034 Tbl. (9th Cir. May 24, 1999) (unpublished). In September 2003, a three-judge panel in Albingia held that remand under section 1447 is mandatory, not discretionary. Albingia Versicherungs AG v. Schenker Int'l Inc., 344 F.3d 931, 938 (9th Cir.), opinion amended and superseded on denial of reh'g, 350 F.3d 916 (9th Cir. 2003) ("Our cases already bear this out; now we hold explicitly what . . . we have held implicitly: section 1447(c) means that if it is discovered at any time in the litigation that there is no federal jurisdiction, a removed case must be remanded to the state court rather than dismissed."). Like Bruns, the panel in Albingia did not expressly address Bell, International Primate, or the futility exception. See id. District courts in the Ninth Circuit have since disagreed whether Bell remains good law in light of International Primate, Bruns, and Albingia. Compare In re Nat'l Sec. Agency Telecommunications Records Litig., 483 F. Supp. 2d 934, 946 (N.D. Cal. 2007) ("To be sure, the Supreme Court [in International Primate] confirmed the narrowness of the futility exception, but it did not sound the doctrine's death knell, at least not loud enough to overturn clear Ninth Circuit precedent.") with Villanueva v. 3M Co., 2016 WL 837896, at *3 (C.D. Cal. Mar. 3, 2016) ("To the extent that Bell stands for the proposition that federal courts may dismiss rather than remand upon finding that remand would be futile, Bell is no longer good law."). Because the Court determines that remand is not futile here, the Court need not address whether Bell remains good law.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 15-1871 JVS (PLAx) | Date | May 6, 2016 |
| Title | Maudie Patton, et al V. Experian Data Corp., et al | | |

defendant can remove an action to federal court only if the court has federal subject-matter jurisdiction over the action, see 28 U.S.C. § 1441(a), but the Court does not have federal subject-matter jurisdiction because Plaintiffs lack Article III standing. Experian and Infosearch's basis for subject-matter jurisdiction under CAFA does not trump Plaintiffs' failure to establish an Article III injury-in-fact. Summers v. Earth Island Inst., 555 U.S. 488, 497 (2009) ("[T]he requirement of injury in fact is a hard floor of Article III jurisdiction that cannot be removed by statute."); see Wallace v. ConAgra Foods, Inc., 747 F.3d 1025, 1032-33 (8th Cir. 2014) ("Congress clearly incorporated Article III's traditional limits into CAFA."); see also Alfi v. Nordstrom, Inc., 2010 WL 5093434, at *3 (S.D. Cal. Dec. 8, 2010) (dismissing putative class action under CAFA because class representative lacked Article III standing). Experian and Infosearch therefore cannot re-remove the case to federal court under CAFA after remand. Any re-removal would be contrary to well-settled Article III law and would raise substantial questions under Federal Rule of Civil Procedure 11.

      3.3.    The Court denies the remaining motions as moot.

Experian and Infosearch have alternatively moved to dismiss the action under Rule 12(b)(6) for failure to state a claim. Docket Nos. 24-1 at 20-25 & 26 at 13-15. Plaintiffs also moved to remand the action to Orange County Superior Court. Docket No. 35. Because the Court lacks subject-matter jurisdiction and remands the action sua sponte under 28 U.S.C. § 1447(c), the Court denies the remaining three motions as moot.

**4.    Conclusion**

For the reasons stated above, the Court **orders** the following:

(1)    The Court **grants** Experian and Infosearch's Rule 12(b)(1) motions to dismiss for lack of subject-matter jurisdiction;

(2)    The Court **denies as moot** Experian and Infosearch's Rule 12(b)(6) motions to dismiss for failure to state a claim; and

(3)    The Court **denies as moot** Plaintiffs' motion to remand.

The Court **remands** the action to Orange County Superior Court under 28 U.S.C. §

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

**CIVIL MINUTES - GENERAL**

Case No.  SACV 15-1871 JVS (PLAx)　　　　　　　Date  May 6, 2016

Title  **Maudie Patton, et al V. Experian Data Corp., et al**

1447(c).

IT IS SO ORDERED.

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　：　　0

　　　　　　　　　　　　　　　　　Initials of Preparer　　dr